**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOE MONTELONGO, ) | |
| ID # 1266916, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:15-CV-1761-P (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this consolidated habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

**I.  BACKGROUND**

Joe Montelongo (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges an August 26, 2004 conviction for aggravated robbery and 45-year sentence imposed in cause number F03-40782-MQ in the 204th Judicial District Court of Dallas County, Texas. (doc. 3 at 2); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records).  He filed a direct appeal, and his conviction was affirmed by the Fifth District Court of Appeals on April 29, 2005. (doc. 3 at 3); *see Montelongo v. Texas*, No. 05-04-01399-CR, 2005 WL 995372 (Tex. App.-Dallas April 29, 2005, no pet.)  On November 26, 2006, Petitioner filed a state application for writ of habeas corpus with the trial court, and that application was ultimately denied without written order by the Texas Court of Criminal Appeals on the trial court's

finding without a hearing on October 10, 2007. (doc.3 at 3-4); *see Ex parte Montelongo,* WR-67,832-01 (Tex. Crim. App. October 10, 2007). On October 27, 2014, he filed a second state application for writ of habeas corpus, and that application was ultimately dismissed under article 11.07, § 4. (doc. 3 at 4); *see Ex parte Montelongo,* WR-67,832-02 (Tex. Crim. App. January 7, 2015); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records). Petitioner mailed his federal petition on May 19, 2015. (doc. 3 at 13).

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**A.     Calculation of One-Year Period**

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner's grounds for relief include a claim of actual innocence, a claim that his trial

2

counsel had a conflict of interest, a claim of ineffective assistance of counsel for failing to object to a suggestive photo line-up, and a claim that an exhibit was not properly authenticated at trial. (doc. 3, at 6-10.) Because he challenges the effectiveness of trial counsel as well as his conviction, the federal statute of limitations began running when the trial court's judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d) (1)(A).

Although Petitioner filed a direct appeal, he did not file a PDR with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the frame for seeking further review after his conviction was affirmed on direct appeal, on April 29, 2005. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). Because no motion for rehearing was filed, under Texas law, Petitioner had thirty days after the court of appeals' judgment to file a petition for discretionary review. *See* Tex R. App. P. 68.2(a). His conviction became final on May 29, 2005. The one year in this case under § 2244(d)(1)(A) began running on that date and expired on May 29, 2006. *See Flanagan v. Johnson*, 154 F.3d. 196, 201-02 (5th Cir. 1998) (applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period to the computation of the AEDPA one-year limitation period). Petitioner filed this § 2254 petition on May 19, 2015,[1] several years after his conviction became final in 2006. A literal application of § 2244(d)(1)(A) therefore renders his § 2254 petition untimely.

---

[1] The § 2254 petition was received and file-stamped on May 21, 2015. Petitioner swore that he placed the document in the prison mail system on May 19, 2015, so it is deemed filed on that date under the "mailbox rule". *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

Petitioner argues that he is entitled to a different calculation date under §§ 2244(d)(1)(B), (C), and (D) because "(1) my claims are based on newly discovered evidence; (2) I was exhausting state remedies; (3) I could not discover the factual predicate of the claims with due diligence; and (4) I was prevented by state action from filing my petition." (doc. 3, at 12.) These conclusory statements are merely recitations of the statute. He makes no reference to any facts that would actually make him eligible for any of these other calculation dates. As noted, all of Petitioner's grounds relate to claims that took place before and during his conviction. His argument that he is entitled to a different calculation date under §§ 2244(d)(1)(B)-(D) is without merit.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his first state writ application until November 2, 2006, several months after the one-year limitations period had expired in May 2006. The second application was not filed until October 2014. An application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision does not save this petition.

**C**.     **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of

4

equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presents no argument or evidence that he was prevented from filing his federal petition raising the challenges to his conviction. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and this petition for writ of habeas corpus is barred by the statute of limitations.

**D.** **Actual Innocence**

Petitioner asserts that he is actually innocent of the charge of aggravated robbery. (doc. 3 at 6-7.) In *McQuiggin v. Perkins*, —U.S. ——, 133 S. Ct. 1924, 1928–31 (2013), the Supreme

Court held that a plea of actual innocence could overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim. In order to be entitled to this exception, however, a federal habeas petitioner must present a tenable claim of actual innocence that persuades the court that it is more likely than not that no rational fact-finder would have found him guilty beyond a reasonable doubt in light of the new evidence. *Id.* at 1928, 1934-35. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id.* at 1935–36.

Here, Petitioner has not presented a credible claim of actual innocence based on newly discovered evidence. He has presented no "new evidence", arguing only that the grounds he raises in the petition show he is actually innocent. For example, he claims:

> Petitioner was never positively identified in the courtroom. The alleged victim said he did not see the man who stole his trimmer in the courtroom . . . [also] petitioner had no way of knowing his trial counsel had once prosecuted him on another charge while employed as an assistant district attorney.

(Doc. 3, at 7.) Petitioner has not shown that "no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 133 S. Ct. at 1935 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). He has not overcome the statute of limitations, and his federal petition is time-barred.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

6

**SO ORDERED this 9th day of June, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE