**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOE MONTELONGO,** | ) | |
| **ID # 1266916,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:15-CV-1761-P (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case was referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Motion to Reconsider under Rule 59(e)*, received on August 19, 2015 (doc. 14).  Based on the relevant findings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

Joe Montelongo (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2004 conviction and forty-five year sentence for aggravated robbery.  (doc. 3, at 2.)  On June 9, 2015, it was recommended that the habeas petition be denied with prejudice as barred by the statute of limitations. (doc. 8).  Petitioner filed written objections to the recommendation on June 30, 2015. (doc. 11.)  The Court adopted the findings, conclusion and recommendation and denied the petition with prejudice on July 30, 2015. (*See* docs. 12, 13.)  Petitioner now moves to alter or amend the judgment denying his petition.

**II.  FED. R. CIV. P. 59(e)**

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must

show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner again raises the same challenges he previously raised regarding actual innocence, conflict of interest with counsel, and statutory tolling. He merely recites the same arguments he presented in his written objections. Other than labeling one section of the Rule 59(e) motion "conflict of interest" rather than "equitable tolling" as he did within his written objections, the Rule 59(e) motion is virtually the same as the written objections. (*See* docs. 11, 14.) Because Petitioner essentially restates objections that were considered and overruled, he fails to present any intervening change in law, new evidence, or manifest error of law or fact, or other extraordinary circumstances justifying alteration or amendment of the judgment of denial with prejudice.

## III.  RECOMMENDATION

Petitioner's motion to reconsider under Federal Rule of Civil Procedure 59(e) should be **DENIED**.

2

**SIGNED on this 31st day of August, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE